## Bogumil v. Kanig

*William J. McDonald*, for plaintiffs.

*Frank M. Walsh*, for defendants.

*Nogi, O'Malley & Harris*, for additional defendant.

HOBAN, P. J., March 28, 1956.—The question here concerns the right of defendants, Kanig, to assert any sole liability, joint and several liability or liability over against Edward S. Bogumil, an original plaintiff, who by appropriate severance and third party proceedings was made an additional defendant. We refused to consider the question on preliminary objections to the Kanig's third party complaint, because Bogumil's defense of release was not raised as an affirmative defense and the proceedings seemed to be ex parte as to plaintiffs, Mary Bogumil and Mike Obrac. The pleadings are now in order, additional defendant moves for judgment on the pleadings as to the third party complaint, and everyone has had his day in court on the question.

All the parties had claims for personal injuries or property damages growing out of a collision between two automobiles driven respectively by Edward S. Bogumil and Ruth Kanig, the date being July 18, 1954.

On July 29, 1954, Edward S. Bogumil paid Arnold and Ruth Kanig the sum of $900 and took from them a release, the pertinent provisions of which follow:

"We . . . hereby fully and forever release, acquit and discharge the said Edward S. Bogumil, heirs, administrators, executors, successors and assigns from any and all actions, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages of whatever nature including consequential damages by us sustained or received on or about the 18th day of July, 1954, for which injuries, losses and damages we claim the said Edward S. Bogumil to be legally liable, which liability is expressly denied, it being understood and

agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability.

"We hereby declare that we fully understand the terms of this settlement; that the amount stated herein is the sole consideration of this release and that we voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting or to result from said accident."

This action by the three original plaintiffs was commenced by præcipe for summons on September 1, 1954.

The position of additional defendant is that the release bars the Kanigs from joining Bogumil as additional defendant, on the authority of Killian v. Catanese, 375 Pa. 593.

In our opinion the broad language in the release construed in the Killian case is not comparable to the restricted terms of the release here. The language of the Kanigs' release clearly was intended to absolve Bogumil from liability for injuries or damages sustained or received by the Kanigs *"on or about the 18th day of July, 1954."*

We cannot read it to mean that the Kanigs absolved Bogumil from liability for injuries or damages sustained or received by persons other than the Kanigs, in the collision of July 18, 1954. In the Killian case the release was total as between original and additional defendants as to "the liability arising out of the accident" and "no attempt was made to limit the scope of the release to claims and demands of the original defendants", quite the contrary of the release in this case.

In our opinion, therefore, the Kanigs released only their own right to proceed against Edward Bogumil

for their own damages for personal injuries or destruction of their property and did not waive their right to require Bogumil to answer for his tortious conduct so far as injuries to others than the Kanigs are involved. Accordingly the motion for judgment must be denied.

Now, March 28, 1956, the motion for judgment on the pleadings in favor of Edward S. Bogumil, additional defendant, is denied, the case to be tried sec. reg.